SAMUEL S. RIDDLE, Appellee, v. EDWARD RUSSELL AND HENRY CLARK, Appellant.

**Payment of Note:** INTENTION: *Release of surety.* A stranger to a note held by a bank went into the bank to purchase the note. The wife of the cashier was the only person in. The stranger asked her for the note, and while he was counting out the money she got the note, and stamped it "Paid," whereupon

he said that this should not have been done, but took the note. *Held*, that, as there was no expression on the part of the bank of an intention to sell, the transaction was not a sale, but a payment, releasing a surety.

*Appeal from Linn District Court.*—Hon. W. N. Treichler, Judge.

Monday, October 13, 1902.

Action upon a promissory note. There was a trial to a jury, and verdict and judgment in favor of plaintiff against both defendants. The defendant Henry Clark alone appeals.—*Reversed.*

*Rickel, Crocker & Tourtellot* for appellant.

*Charles W. Kepler* for appellee.

Bishop, J.—This case is now before the court for the second time. The opinion upon the former appeal will be found in 108 Iowa, 591. The only error assigned is that under the evidence and the instructions given by the court a verdict against the defendant Clark was not warranted, and his motion for a new trial for that reason should have been sustained. It appears that the note in suit was given to Smyth Bros., who thereafter transferred the same by indorsement to the Mt. Vernon Bank. No question is made in the record now before us in respect to the character of the interest held by the bank in the note, and, in absence of proof to the contrary, we assume it was the owner thereof. That the defendant Clark signed the note as a surety is not questioned. The claim of the plaintiff is that he purchased the note of the bank, and that he now holds the same as owner. The defense on the part of Clark is that the transaction by which plaintiff became possessed of the note amounted in law to a payment thereof, and that, being a mere surety, which fact was well known to

plaintiff, said defendant was thereby released from all further liability. In brief, we find the facts relating to the alleged purchase of the note to be as follows: The existence of the note in the bank was called to the attention of appellee by the father of defendant Russell. "He said there was a note lying in the bank there against his son, Eddie and Henry Clark, and that it was going to be due very soon, and they didn't have the money to pay it, and they didn't want Henry Clark to pay it, and that I should buy it, and they would turn out stock over and above the note to secure it. I had no talk with defendant Russell or Henry Clark about the purchase of the note before it was purchased." It appears that the elder Russell and appellee went to the bank together, finding no one in but Mrs. Smith, wife of the cashier. The appellee further testifies: "I called for the note of Eddie Russell and Henry Clark, and she got it. I knowed what the amount was,—at least, Mr. Russell had told me $80,—and while I was counting out the money she got it and stamped it. 'Paid.' When I saw Mrs. Smith put the stamp of payment on the note, I said, 'This hadn't ought to have been done.' I paid the full amount of the note. There was no interest due on the note at the time I bought it." Nothing further was said by appellee while in the bank, and there is no evidence that anything was said on the part of Mrs. Smith, or that she did anything save to accept the money, stamp the note "Paid," and deliver the same to appellee. The court gave to the jury the following among other instructions: "(2) The burden of proof is on the plaintiff to show by a preponderance of the evidence that the note was not paid as shown by the indorsement therein, and that he purchased the same, as alleged in his petition, and did not pay the same according to the said indorsement thereon." "(6) If you find from the evidence that the plaintiff paid the money on the note in controversy to the bank, and that the bank thereupon marked it 'Paid,' and that the

plaintiff accepted the same, and nothing was said on the part of the bank about selling the same to plaintiff, then, and in that event, you will find for the defendant Clark.'' It will be observed that the instructions so given are similar in language to those asked by defendant upon the first trial and refused. In our former opinion we held that the requests correctly stated the law applicable to the case, and should have been given. We are clearly of the opinion that, taking the facts to be as claimed by appellee, there was no sale and purchase of the note. Even conceding that he intended to purchase, not to pay, and that he thought he had done so, still something more is necessary to a contract of sale. There must have been also an intention, entertained and in some form expressed, on the part of the bank, to sell and transfer. The record before us is barren of any evidence tending to prove such understanding or intention. In view of the evidence in the case and the instructions given, we think the verdict against the defendant Clark should have been set aside, and a new trial granted.—REVERSED.